IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| TAMMY L. CRONTZ, | ) CASE NO.   4:21-CR-40005-SMY-1 |
| | ) |
| Defendant. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Reconsider Ruling on Detention filed by Defendant Tammy L. Crontz (Doc. 88). The Government filed a response in opposition to the motion (Doc. 89). On November 15, 2022, the Court heard oral argument on the motion and it was denied, with this written Order to follow.

Crontz has been indicted for conspiracy to distribute and possess with intent to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. Crontz was released on a recognizance bond on January 25, 2021 (Doc. 12). The Government filed a motion to revoke bond on March 21, 2022, citing several occasions wherein Crontz tested positive for marihuana (Doc. 47). The undersigned denied the Government's motion to revoke following a hearing on March 31, 2022 (Doc. 59). The Government filed a second motion to revoke bond on July 12, 2022, citing Crontz's previous positive marihuana tests and a recent sweat patch test that was positive for amphetamine and methamphetamine (Doc. 66). Crontz was arrested and appeared before the undersigned on August 11, 2022 at the hearing on the Government's motion to revoke (Doc. 83). At the bond revocation hearing, U.S. Probation Officer Amy Gischer testified as to Crontz's alleged violation

conduct.  Defendant Crontz also testified.  The Court found there was probable cause to find that Crontz committed a federal, state, or local crime.  The Court then considered the issue of detention and determined there were no conditions that would adequately assure the safety of persons in the community and, as such, Crontz was detained (Doc. 84).

Crontz now asks the Court to reconsider the issue of detention for several reasons.  First, Crontz asserts she has irrefutable proof that she did not violate the terms and conditions of her release insofar as she was wearing a heart monitor at the time of her release.  In her motion, Crontz asserts that if she had taken methamphetamine she believes her heart rate would have been elevated.  At the hearing, Crontz did not provide any additional evidence concerning her heart rate monitor or heart rate readings.  Indeed, counsel, by proffer, merely indicated that there "*could* be a determination that her heart rate was not elevated as such to suggest that she was not on methamphetamines or amphetamines" at the time.  Also at the hearing, counsel for Crontz set forth an additional argument not included in her motion asserting that the individual who removed Crontz's sweat patch failed to change the gloves or tweezers that had just previously been used to take a sweat patch off of another individual.

In her motion and at the hearing, Crontz, through her attorney's proffer, asserts she has a special needs adult child who currently lives with an elderly relative.  Crontz was primarily responsible for the child's care prior to her detention, and the child's current caretaker does not "necessarily" have everything she needs to care for the child.  Crontz asserts she needs an opportunity to find long-term care for the child.

The Government presented evidence by proffer and made arguments against Crontz's release.

Pursuant to United States Code, 18 U.S.C. § 3142(f)(2)(B):

> [A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

First, the Court considers Crontz's position as to the accuracy of the sweat test that she claims could be refuted by a heart rate monitor. While specific information concerning the heart monitor and removal of the sweat patch was not specifically mentioned at the initial detention hearing, this information presumably was known or should have been known to Crontz at the time of the detention hearing, and Crontz provides no reason why it was not offered then. *See United States v. Hussain*, No. 04-CR-839-1, 2004 WL 2418294, at *3 (N.D. Ill. Oct. 27, 2004) ("However, Hussain has not provided any explanation regarding why this information was not known to him at the time of the detention hearing, and if it was known to him, why it was not presented at the hearing."). This information also goes to the general accuracy of the sweat test, which Crontz had already disputed at the initial detention hearing. Further, based on the affidavit of David Kuntz, Executive Director of Analytical Toxicology and Co-Laboratory Director for the Workplace Drug Testing Division of Clinic Reference Laboratory, the Court finds the sweat test was worn by Crontz from June 1, 2022 through its removal on June 13, 2022, and was reported as positive for Amphetamine at the level of 13.0 ng/mL and Methamphetamine at the level of 338.0 ng/mL.

Moreover, the proffer concerning the sweat test and Crontz's child with disabilities is information that does not have a material bearing on whether there are conditions of release that will reasonably assure the safety of any other person in the community. This evidence is simply not enough to convince the Court that Crontz is no longer a danger to the community and likely to

comply with her bond conditions. The Court remains convinced there is no combination of conditions that will assure Crontz will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. §§ 3142; 3148(b)(2)(A). Moreover, the Court remains convinced that Crontz is unlikely to abide by any condition or combination of conditions of release, as evidenced by her prior conduct out on release. Accordingly, Crontz's Motion to Reconsider Ruling on Detention (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** November 17, 2022

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**