IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40005-SMY |
| | ) |
| TAMMY L. CRONTZ, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Tammy L. Crontz was sentenced on September 13, 2023 to 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute controlled substances, distribution of methamphetamine, and possession with intent to distribute methamphetamine (Docs. 131, 135). She is currently confined at the Jackson County, Illinois Jail and has not yet been designated to a Bureau of Prisons facility.

Now pending before the Court are Crontz's motions for compassionate release pursuant to the First Step Act of 2018 in which she seeks release to care for her husband, Jerry Crontz, a co-conspirator to her case, who has cancer (Docs. 142, 143, and 153)[1]. The Government filed a response in opposition asserting that Crontz has failed to exhaust her administrative remedies and has not established the requisite extraordinary and compelling reasons for relief (Doc. 149). For the following reasons, the motions are **DENIED**.

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable

---

[1] Crontz also filed several supplements essentially alleging the same grounds for relief (Docs. 147, 148, 150)

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on her own behalf, provided she has either exhausted administrative remedies or 30 days have elapsed since the warden at her institution received such a request, whichever is earliest. *Id*. The exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense that must be properly invoked by the Government. *See Sanford v. United States*, 986 F.3d 779, 782 (7th Cir. 2021).

Crontz is currently confined at the Jackson County, Illinois Jail. The plain language of § 3582(c)(1)(A) requires a defendant who is seeking compassionate release to first afford the warden of her confining institution 30 days to act on her request. Because Crontz is not currently in BOP custody, she has not exhausted her administrative remedies. Accordingly, Crontz has not met her burden to establish exhaustion, and her motions for compassionate relief (Docs. 142, 143, and 153) are **DENIED**[2].

**IT IS SO ORDERED.**

**DATED:  January 25, 2024**

**STACI M. YANDLE**
**United States District Judge**

---

[2] The Court notes that Jerry Crontz was sentenced on January 23, 2024 and will be placed in BOP custody shortly.